IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Jesse Reid, Jr.,

    Plaintiff,

v.

Ray Mabus, Secretary of the Navy, et al.,

    Defendants.

Case No. 15-CIV-310-RAW

**OPINION AND ORDER**

Before the court are Plaintiff's Complaint for Writ of Mandamus [Docket No. 1] and Motion for Leave to Proceed *in Forma Pauperis* ("IFP") [Docket No. 2]. The motion for IFP is granted. Plaintiff filed this lawsuit against various federal agencies alleging a violation of his rights. Plaintiff alleges he is being harassed electronically by the use of synthetic technology and that the signal has been traced to Navy Sea Systems Command in Washington, D.C. On Page 2 of the Complaint, the following is hand written: "Voice to skull constantly. Cannot function. I have been chipped without my knowledge or consent for 42 years."

The court construes Plaintiff's allegations liberally as he is *pro se*.[1] *See Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

---

[1] The Complaint is filed by Mr. Reid, with an address of "Hamilton Brown, 600 Grant, US Steel Tower, Suite 660, Pittsburgh, PA 15219." It is unclear if Plaintiff is represented by counsel. This court will consider Plaintiff to be *pro se*, since there is no attorney bar number listed for Hamilton Brown.

## Venue

The term "venue" refers "to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general…." 28 U.S.C. § 1390(a). The court takes judicial notice that Plaintiff's address is in Pittsburgh, Pennsylvania. None of the Defendants are located in this District. Therefore, venue is improper and justifies dismissal.

## First to File

The court notes that this action has recently been filed in numerous courts (Northern and Southern Districts of Ohio, District of Nebraska, District of Arizona, District of Oregon, District of Montana, Eastern District of Pennsylvania, and District of Alaska). The Defendants are the same in each case, and the Complaints are almost identical in each case. Without reviewing every case, the court has determined that the case in Oregon was filed a few hours prior to this case.

> The first-to-file rule is a "well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio v. Ed Tobergte Assocs.,* 16 Fed.Appx. 433 (6th Cir.2001). In determining whether the first-to-file rule applies, the court should examine the chronology of the actions, the similarity of the parties involved, and the similarity of the issues at stake. *Versus Tech v. Hillenbrand Indus.,* No. 04–CV–168, 2004 WL 3457629 (W.D.Mich. Nov. 23, 2004).
>
> The Tenth Circuit applies the first-to-file rule, which "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court." *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.,* 189 F.3d 477 (table), 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999); *see Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir.1982); *Cessna Aircraft Co. v. Brown,* 348 F.2d 689, 692 (10th Cir.1965). The parties only need be

2

substantially similar for the rule to apply. *See Ed Tobergte Assocs. v. Zide Sport Shop,* 83 F.Supp.2d 1197, 1198 (D.Kan.1999); *Graphic Tech., Inc. v. McDonald's Operators Assn.,* No. 00–2349–GTV, 2000 WL 1920034, at *1 n. 2 (D.Kan. Dec. 21, 2000).

<u>Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.</u>, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010). The court finds that venue is not proper in this district, and the "first to file rule" applies in this matter.

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> **(B)** the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994). In the instant case, the court finds there is no cognizable claim under the statutes cited by

3

Plaintiff.

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.s. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting

*Papasan v. Allain,* 478 U.S. 265. 286 ( 1986)). A complaint need not contain "detailed factual allegations," but it must, however, provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal.* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. It does not suffice if a complaint provides "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

**Conclusion**

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 2] is granted.

The court finds that venue is not proper in this district, and the "first to file rule" applies in this matter. The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that

Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Dated this 27th day of August, 2015.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA